ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| CARL ANTONIO FORDHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 305-050 |
| | ) |
| LAURENS COUNTY SUPERIOR COURT, | ) |
| and J. STANLEY SMITH, Judge, | ) |
| | ) |
| Defendants. | ) |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff, currently confined at the Emanuel Probation Detention Center in Twin City, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. As Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A.[1]

---

[1] Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he has no means by which to pay the initial fee; thus, the Court will proceed to screen Plaintiff's complaint even though he is unable to pay any initial partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full filing fee.

## I. **BACKGROUND**

According to Plaintiff's complaint, on November 30, 2000, he was placed on probation for a period of five years. However, he maintains that because of various physical ailments that at times caused him to be hospitalized and under the care of two different doctors, he was not always able to meet his reporting requirements. Plaintiff maintains that although he had not been in any trouble, on February 23, 2003, he was arrested by the Dublin Police in Laurens County on a probation warrant for failing to report to his probation officer and failing to pay his supervision fees. Plaintiff then appeared before the Honorable J. Stanley Smith, a Laurens County Superior Court Judge, for an "alleged" probation revocation hearing on March 19, 2003. Plaintiff states that all parties agreed that he would be sent to prison for two years, but Judge Smith never actually imposed a two-year sentence for any particular type of confinement.

Plaintiff contends that he was returned to the Laurens County Law Enforcement Center, where his probation officer "tricked" him into signing papers that resulted in his transfer on May 19, 2003 to the Treutlen Probation Detention Center.[2] Plaintiff states that he was told that his probation officer was responsible for his placement in a detention center, and despite his requests, no detention center official could show him a court order requiring him to serve his two years in a detention center. Plaintiff was next transferred to McEver

---

[2]Plaintiff maintains that while he was confined at the Laurens County Law Enforcement Center from February 23, 2003 until May 19, 2003, he was deprived of necessary medical care, unlawfully evicted from house, and suffered emotional anguish. However, there is nothing in the complaint to suggest that Judge Smith or the Laurens County Superior Court were responsible for his care and treatment while at the Laurens County Law Enforcement Center.

2

Probation Detention Center, where he accumulated nine disciplinary reports during his three week stay because his physical disabilities prevented him from performing assigned work details. Plaintiff then contends that he was transported from McEver Probation Detention Center, to Houston County, to Laurens County, and back to Houston County, where he had a probation revocation hearing on December 17, 2003. Plaintiff contends that it was not until this December 17th hearing that his probation was officially revoked.[3]

Plaintiff has filed a separate lawsuit in the Middle District of Georgia concerning events related to his probation revocation and subsequent confinement at detention centers within that court's jurisdiction. However, he confines his claims in this lawsuit to the actions of Judge Smith and the Laurens County Superior Court, which he claims imposed cruel and unusual punishment, performed a miscarriage of justice, and conspired to violate his due process rights. Plaintiff seeks three and a half million dollars in damages and "all relief from this pain, anxiety, and torture."

## II. DISCUSSION

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that the allegations raised against Judge Smith and the Laurens County Superior Court do not state a claim upon which relief can be granted. The Supreme Court has held that when an inmate's allegations rest on the invalidity of his imprisonment, his § 1983 claim does not

---

[3] Plaintiff reports that he has filed a habeas corpus case in the Superior Court of Emanuel County (as he is currently confined at Emanuel Probation Detention Center), but his case has not yet been heard.

3

accrue until that invalidity is proven. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).[4] The Court went on to state that if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then that § 1983 claim must be dismissed unless the conviction has already been invalidated. Id. at 487. Conversely, § 1983 is the appropriate course of relief for a state prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser v. Rodriguez, 411 U.S. 475, 499 (1973). In short, a claim for monetary damages or injunctive relief that challenges Plaintiff's conviction is not cognizable under § 1983. Heck, 512 U.S. at 483; see also Preiser, 411 U.S. at 500 ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release . . . , his sole federal remedy is a writ of habeas corpus.").

Here, Plaintiff complains that his initial detention after he was arrested on February 23, 2003 for a probation violation, as well as his subsequent detention without the entry of an official sentencing order, was invalid because of the allegedly improper actions of Judge Smith and the Laurens County Superior Court. However, Plaintiff has not pointed to a "conviction or sentence reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487. To the contrary, he states that his habeas corpus case is still pending in Emanuel County. Thus, as

---

[4]Heck also applies to parole and probation revocation proceedings such as those at issue in this case. Jackson v. Vannoy, 49 F.3d 175, 177 (5th Cir. 1995).

4

Plaintiff has not shown that his probation revocation has been reversed or otherwise called into question by the issuance of a writ of habeas corpus, Plaintiff's current allegations against Judge Smith and the Laurens County Superior Court are not actionable in this § 1983 suit. Cf. Rankin v. Evans, 133 F.3d 1425, 1428 (11th Cir. 1998) (§ 1983 claim against arresting officer in child molestation case proceeded after grand jury found plaintiff "completely innocent" of charges).

To the extent Plaintiff suggests that there was some sort of conspiracy afoot in Laurens County concerning the revocation of his probation and subsequent assignment to a detention center rather than a state prison, such an allegation fails to state a claim upon which relief can be granted. That is, a conspiracy claim supported only by conclusory, vague, and general allegations may be dismissed. Kearson v. Southern Bell Tel. & Tel. Co., 763 F.2d 405, 407 (11th Cir. 1985) (*per curiam*); see also Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984) ("[A] complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory. . . It is not enough to simply aver in the complaint that a conspiracy existed."). To prove conspiracy under § 1983, a plaintiff must (1) prove the parties had a "meeting of the minds" or reached an understanding to violate the plaintiff's rights and (2) prove an actionable wrong to support the conspiracy. See Bailey v. Board of County Comm'rs of Alachua County, Fla., 956 F.2d 1112, 1122 (11th Cir. 1992). "[T]he linchpin for conspiracy is agreement, which presupposes communication . . . ." Id. Here, Plaintiff does not offer any specifics on when or how an agreement between any persons, let alone an agreement involving Judge Smith, may have been reached to violate Plaintiff's rights. Accordingly, Plaintiff has failed to state a viable conspiracy claim.

Finally, even if Plaintiff's claims were not barred by Heck v. Humphrey, *supra*, Judge Smith is protected by judicial immunity. It is well-settled that judicial officers are entitled to absolute immunity from suit for their actions taken which are within their jurisdictional power to perform. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (stating that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction'" (footnote omitted)). Thus, the Court must determine whether Judge Smith was dealing with Plaintiff in a judicial capacity and whether the judge's conduct clearly fell outside his subject matter jurisdiction. See id. at 359-64.

As the complaint makes no allegation that Judge Smith acted in the "clear absence of all jurisdiction," id., the Court must consider whether Judge Smith's actions were of the type normally performed by judges. See Patterson v. Aiken, 628 F. Supp. 1068, 1072 (N.D. Ga. 1985), *aff'd*, 784 F.2d 403 (11th Cir. 1986) (Table). Plaintiff complains that Judge Smith failed to hold proper revocation proceedings and then compounded his error by failing to enter an official revocation order that contained a written sentence, resulting in Plaintiff being shuffled from detention center to detention center rather than being sent to a state prison. Revoking probation is an action normally performed by judges. See, e.g., Gardner v. State, 259 Ga. App. 375, 377-79, 577 S.E.2d 69, 70-71 (2003) (describing probation revocation proceedings before superior court judge); see also O.C.G.A. § 42-8-34(a) (describing original jurisdiction of courts to determine probation status). Thus, Judge Smith's actions directed toward Plaintiff were of the type normally performed by judges, and

therefore, Judge Smith is entitled to absolute judicial immunity against Plaintiff's allegations.

### III. CONCLUSION

In sum, as Plaintiff has failed to state a claim upon which relief can be granted, the Court **REPORTS** and **RECOMMENDS** that the complaint be **DISMISSED** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 25th day of April, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

# United States District Court
## Southern District of Georgia

CARL ANTONIO FORDHAM )

vs ) CASE NUMBER CV 305-050

LAURENS CO. SUPERIOR COURT ) DIVISION DUBLIN

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 4/25/05 , which is part of the official record of this case.

Date of Mailing: 4/25/05

Date of Certificate [X] same date, or _____

Scott L. Poff, Clerk

By: Joe Howell
Joe Howell, Deputy Clerk

Name and Address
CARL ANTONIO FORDHAM, #163804, EMANUEL PROBATION DETENTION CENTER, P.O.BOX 1430, TWIN CITY, GA 30471

- [ ] Copy placed in Minutes
- [ ] Copy given to Judge
- [X] Copy given to Magistrate